## BOOTH et al. v. PENDOLA et al.*

### No. 13,267; August 1, 1890.

#### 24 Pac. 714.

**Mechanics' Liens.**—In an Action by Subcontractors to Enforce a lien for materials furnished in the erection of a building, the contract for which, between the owner and contractor, was never filed for record, a judgment for plaintiffs cannot be supported where the complaint does not allege the reasonable value of the materials, and there is no finding as to such value, though the complaint does allege the amount agreed to be paid by the contractor.

**Mechanics' Liens.**—Where the Materials were Furnished at the Same Time for two buildings of the same owner, while it is not necessary to file separate claims on each building, the subcontractors are not entitled to a joint lien on both buildings for the entire amount claimed.

Cope & Boyce for appellants; Thomas, Butcher & Putnam for respondents.

PATERSON, J.—This is an action brought by plaintiffs, having several liens of mechanics and materialmen, against property owned by Pendola, deceased, in his lifetime. The findings show that Pendola entered into a written agreement with one Hamilton, on March 29, 1887, for the construction of the Western Hotel in the city of Santa Barbara, and on the 15th of June entered into another contract with said Hamilton to build a cottage near said hotel, and on the same lot. Neither of these contracts was recorded. Belt & Co. furnished materials for both buildings, for which Hamilton agreed to pay a reasonable price. The court finds that the reasonable value of the materials furnished by them was $363.99. On May 2, 1887, Hamilton entered into an agreement with Backus & Heyl, by the terms of which the latter were to paint the hotel for the sum of $365, and the cottage for the sum of $135. The court finds that of these sums $131.71 remain unpaid. Lightner & Buckingham furnished

---

*For former report, see 88 Cal. 42, 23 Pac. 200. For subsequent opinion, see 88 Cal. 36, 23 Pac. 200.

materials for, and performed certain work on, the cottage for which Hamilton was to pay the sum of $335, and performed certain work on and furnished material for the hotel, for which they were to receive the sum of $975, of which the sum of $535.35 remains due and unpaid.

1. The complaint alleges that Hamilton agreed to pay Backus & Heyl the sums of $365 and $135, above referred to, and that he agreed to pay Buckingham & Lightner the sums of $975 for work done on. and materials furnished for the hotel, and $335 on account of the cottage, but it is nowhere alleged, nor does the court find, what was the value of any of the materials furnished, or of any of the work performed. Such allegations and findings were necessary, and the judgment cannot be supported without them.    The contract between the owner and Hamilton was never filed for record. It was void, and while it is doubtless true that the contract price agreed upon between Hamilton, the agent of the owner, and the materialmen and laborers, is prima facie evidence of the value of the materials furnished and labor performed, and would support a finding of value, we think that an allegation and a finding on the subject are essential to support a judgment in actions of this character.

2. The claims of lien filed by Backus & Heyl and Lightner & Buckingham both segregate and specify the particular amounts claimed to be due on each building.   We do not think it was necessary for the claimants to make and file separate claims on each building; it was proper to state the amount of the claim on each building in the notice of lien, and the claimants are entitled to a lien on each building for the amounts respectively due thereon, but we do not think such claimants or their assignees are entitled to a joint lien on both buildings for the entire amounts respectively claimed by them.   All other points made by appellant, and worthy of consideration, were noticed by Mr. Justice McFarland in the former opinion herein, and we are satisfied with the conclusions therein reached.   Judgment reversed and cause remanded for a new trial, with directions to allow the parties to amend their pleadings as they may be advised.

We concur: Beatty, C. J.; Works, J.; Sharpstein, J.; Fox, J.